UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 07-2248 (PLF) |
| JOHN E. POTTER, Postmaster General | ) ECF |
| United States Postal Service, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, United States Postal Service ("USPS"), by its undersigned attorneys, hereby respectfully moves to dismiss Plaintiff's Complaint, or in the alternative for summary judgment, pursuant to Federal Rules of Civil Procedure (b)(6), and 56. The Plaintiff, James H. Pickett, Jr., has not exhausted administrative remedies on the subject of his Complaint and has failed to file this case in a timely fashion.

Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the Plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the Defendant's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

>affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A Memorandum of Points and Authorities in support of this Motion, the Declaration of Patricia Middleton, and a proposed Order are filed herewith. For the reasons provided in the attached Memorandum of Points and Authorities, Plaintiff's Complaint should be dismissed with prejudice. In the alternative, there are no material facts in dispute and, the facts in this case establish that summary judgment should be granted in Agency's favor as a matter of law.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4851

*Of Counsel:*
William B. Neel, Esq.
United States Postal Service
Capital Metro Law Office
Landover, Maryland 20785-2244

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. PICKETT, )<br>)<br>        **Plaintiff,** )<br>        v. )<br>)<br>JOHN E. POTTER, Postmaster General )<br>United States Postal Service, )<br>)<br>        **Defendant.** )<br>_____ ) | Civil Action No. 07-2248 (PLF)<br>ECF |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

BACKGROUND

Plaintiff brings the instant Complaint alleging that he and other United States Postal Service employees of the Curseen-Morris mail processing and distribution facility ("the Facility"), were discriminated against when the Facility was closed for anthrax decontamination, in or about October 2001. Compl., pp. 1-2. Specifically, he claims that he and other employees, who relocated to other area facilities during the clean up process, should have been compensated for travel time to their temporary job venues, like employees in the postal facility in Trenton, New Jersey, and they were not. *Id.*, p. 2. The foregoing, according to Plaintiff, constitutes a violation of the " CIVIL RIGHTS ACT OF 1991".[1] *Id*.

Additionally, it should be noted that the Complaint is styled as a class action. *See* Compl.'s Caption. However, the Complaint does not satisfy the Court's Local Rules. It is required that "[i]n any case to be maintained as a class action, the complaint shall contain . . . (1)

---

[1] Defendant reads *Pro Se* Plaintiff's employment discrimination Complaint to be based in Title VII of the 1964 Civil Rights Act, as amended in 1991.

1

a reference to the portion or portions of Rule 23, Federal Rules of Civil Procedure, under which the suit is claimed properly to be maintainable as a class action." L. Cv. R. 23.1(a). No such reference appears in the Complaint. *See* Compl. generally. Moreover, the Complaint fails to meet the Fed. R. Civ. P. 23 class action prerequisites.[2] In the event the Court does not grant the instant motion, Defendant reserves the right to address the forgoing issues, and the merits of Plaintiff's claims, in a post-discovery dispositive motion.

At this juncture, it is indisputable that Plaintiff's claims must fail because he has not exhausted his administrative remedies, as required in employment discrimination matters brought before federal courts, and his claim is time barred. Accordingly, his Complaint should be dismissed with prejudice, or alternatively judgment should be entered in Defendant's favor, as a matter of law.

## ARGUMENT

### I.     **Standard of Review**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in the light most

---

[2] For example, it remains unclear which protected class may have suffered discrimination here in Washington, as a result of some USPS act or omission. *See* Compl., generally.

favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id.* Generally Speaking, the Court should not consider matters beyond the pleadings without converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

These standards apply equally in employment cases. *See, e.g., Kassner v. Second Ave. Delicatessen, Inc.*, 496 F.3d 229, 240 (2d Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007); *Ofori-Tenkorang v. American Internat'l Group, Inc.*, 460 F.3d 296, 307 (2d Cir. 2006). Although a plaintiff need not specifically plead the facts supporting a *prima facie* case, *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), the Court is to rely on the factual allegations in the complaint as pleaded and, along with reasonable inferences therefrom, draw appropriate legal conclusions from those facts. It does not appear, therefore, that simply pleading "discrimination," per *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), suffices to survive a motion to dismiss a complaint of employment discrimination. *See Kassem v. Washington Hosp. Ctr.*, 513 F.3d 251, 253-54 (D.C. Cir. 2008) (citing *Sparrow* only for standard of appellate review and citing *Twombly* for standard on motion to dismiss).

## II. Plaintiff Failed to Exhaust Required Administrative Remedies.

Prior to seeking relief in federal court under Title VII, a Federal employee must timely exhaust all available administrative remedies. *See* 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407; *Kizas v. Webster*, 707 F.2d 524, 544 & n.99 (D.C. Cir. 1983); *see e.g., United Airlines*

*v. Evans*, 431 U.S. 553, 555 (1977); *McDonnell Douglas*, 411 U.S. at 555. Courts have strictly enforced the time deadlines throughout the complaint process under Title VII. *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."); *Bayer v. Dept. of the Treasury*, 956 F.2d 330, 332-33 (D.C. Cir. 1992) (although failure to comply with time limits is not a jurisdictional defect, plaintiff bears the burden of pleading and proving sufficient reasons to excuse noncompliance); *see Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1994); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 114 (2002)*; Carter v. Rubin*, 14 F. Supp. 2d 22, 32 (D.D.C. 1998) (holding that federal employees may not file employment discrimination actions outside applicable time deadlines).

These procedural requirements governing a plaintiff's right to bring a Title VII claim in court are not unimportant. "It is part and parcel of the Congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." *Kizas*, 707 F.2d at 544. "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown*, 777 F.2d at 14.

The USPS Acting EEO Manager for Dispute Resolution, Patricia Middleton, recently reviewed iComplaints, the agency's electronic data base that manages and tracks EEO activity. *See* Patricia Middleton Declaration at ¶¶ 1 - 2, attached as Exh. A. She found that although the Plaintiff has initiated seven EEO complaints since 1992, none relate to commuting or travel to alternate facilities during the renovation of the Curseen-Morris facility. *Id*. ¶ 3. Without having initiated any internal complaint related to the events alleged in his complaint, Plaintiff is deemed

not to have exhausted his administrative remedies. Thus, his Complaint should be dismissed with prejudice.

### III.  Plaintiff's Claim is Time Barred.

Federal employees seeking relief under Title VII of the 1964 Civil Rights Act, as amended, must exhaust their administrative remedies, and must do so within forty-five (45) days of the alleged discriminatory event. 29 C.F.R. § 1614.105(a)(1). A class action complaint tolls the forty-five day period, if it "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *American Pipe and Construction Co., v. Utah,* 414 U.S. 538, 554-55, (1974). However, claims that are already time-barred cannot be revived by providing this notice. *Laffey v. Northwest Airlines, Inc*., 567 F.2d 429, 472 (D.C. Cir.1976) *cert. denied*, 434 U.S. 1086 (1978).

Plaintiff asserts that he represents an alleged class of Washington, D.C.-based postal employees with claims arising after the USPS purportedly discontinued contracted bus services on or about January 2002. Compl., p. 1. Ostensibly, Plaintiff requests that the Court find the USPS violated Title VII for allegedly failing to afford him and his co-workers equal "Opportunity [sic] and or pay as was done for the United States Postal Service's Trenton, New Jersey Employees [sic]," but offers no proof of having attempted to exhaust administrative remedies. The New Jersey travel-time compensation settlement agreement was made between the American Postal Workers Union and the USPS, based on factual circumstances specific to the Trenton-

based employees, and based on a collective bargaining agreement.[3]  *See* Local 1020 President's message regarding an "agreement [] only for the employees of the Trenton P&DC who were displaced . . ." Exhibit attached to Compl., p. 4.  Plaintiff makes no indication here that he or his union may have initiated any grievance procedures here.

In sum, if some violation took place in January 2002, which USPS denies, and Plaintiff did not bring his Complaint until December 2007 (*see* Compl.), some five years later, and only to this Court, there is no question that his claim is time barred.  Accordingly, the Complaint should be dismissed with prejudice.

---

[3]  The Supreme Court has held that an employee may not usurp the union's prerogative to be the exclusive bargaining agent for the purposes of the grievance procedure in a collective bargaining agreement-related issue.  *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 549 (1964); *Clayton v. International Union Automobile Aerospace & Agricultural Implement Workers*, 451 U.S. 679, 686-687 (1978).  Indeed, an employee may not, by simply mentioning disparate treatment in an equal employment complaint, avoid the grievance procedure all together and second guess the Union.  The Union in Washington, D.C. did not bring a grievance on the issue and, due to the passage of time, any consequence thereof is now binding on both union and employee.

## CONCLUSION

WHEREFORE, the United States Postal Service requests that this Motion be granted and Plaintiff's Complaint be dismissed with prejudice, or, in the alternative, summary judgment be entered in Defendant's favor.

Dated March 17, 2008.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 305-4851

*Of Counsel:*
William B. Neel, Esq.
United States Postal Service
Capital Metro Law Office
Landover, Maryland 20785-2244

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March 2008, I caused the foregoing *Motion to Dismiss* to be served on James H. Pickett, Jr. by U.S.P.O., First Class mail at: 5302 Broadwater Court, Temple Hills, Maryland 20748.

__/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES H. PICKETT, Jr.  (Class Action)  )
       Plaintiff, )
        )
        )    Paul L. Friedman
    v. )    Civil Action No. 01-07-02248
        )
JOHN E. POTTER, Postmaster General )
United States Postal Service )
475 L'Enfant Plaza West, S.W. )
Washington, D. C. 20260 )
        )
       Defendant. )
        )

### DECLARATION OF PATRICIA MIDDLETON

I, Pattie Middleton, hereby declare as follows:

1. I have been employed by the US Postal Service since April 1995. I am currently the Acting EEO Manager Dispute Resolution, domiciled in the Capital Metro Field Office, located at 22520 Randolph Drive, Sterling Virginia 20166.

2. I have access to the electronic data base "iComplaints". This system manages and tracks EEO activity for persons filing EEO complaints against the Postal Service.

3. The following is based on my knowledge and review of EEO complaint records for James H. Pickett Jr. According to iComplaints, Mr Pickett has initiated seven EEO complaints since 1992. A review of the records did not reveal any cases where Mr James H. Pickett Jr had filed an individual or class action complaint pertaining to commuting or travel to an alternate facility, during renovation of the Curseen-Morris facility located at 900 Brentwood Road NE, Washington DC.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this __7th__ day of March, 2008.

_____
Patricia Middleton, (A) EEO Manager Dispute Resolution
US Postal Service
Cap Metro Field Office