UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DISTRICT &
BANKRUPTCY COURTS

2008 APR -3 PM 3: 18

RECEIVED

JAMES H. PICKETT, )
)
Plaintiff, )
)
v. )
)
JOHN E. POTTER, Postmaster General )   Civil Action No. 07-2248 (PLF)
United States Postal Service, )   ECF
)
Defendant. )
_____)

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN
THE ALTERNATIVE, FOR SUMMARY JUDGEMENT

    Comes now the Plaintiff, James H. Pickett, Jr., Pro Se and states as follows:

    1. On or about January 18, 2002, on the Reverend Dr. Martin Luther King Holiday, The U. S. Postal Service Management discontinued the "Chartered Buses". ( For The Record, All Employees were Given Some Prior Notice. )

    2. During the "2002 Dr. King Holiday", the Plaintiff, James H. Pickett, Jr., gave an interview to a concerned News Station which aired around the same date. The Plaintiff, also filed grievance, with Chief Shop Steward Lena V. Hunter, pertaining to "Travel Time" compensation. The U. S. Postal Service did compensate all employees that submitted forms for <u>Travel Mileage</u>.
It is therefore no reason for the Plaintiff to have filed any EEo Complaint for travel as "Ms. Patricia Middleton" references in her two page Declaration, attatched to the above reference Motion filed by Defendant's Counsel, Ms. Mercedeh Momeni, Mr. William B. Neel, and the US Attorney and Assistant US Attorney.

    3. Defendant keeps citing that the Plaintiff failed to Exhaust Required Administrative Remedies, which is not exactly

true in any sense. First of all, for the record, the Plaintiff, James H. Pickett, Jr., only initiated this action after The American Postal Workers Union failed to Seek Compensation for at least Three Hundred and Sixty-Four days. Time counted from the time that The Postal Workers were compensated in New Jersey. (Please see attatche three page email stating or showing same.)

Secondly, the U. S. Postal Service's EEO Complaint Processing fails many employees by denying them due procees throughout their attempted EEO filings. I know this personally and through representation and numerous conversaticns with many of my co-workers. The U. S. Postal Service's EEO Complaint Processing Program itself is discriminatory because of the "COnflict Of Interest" created by Postal Workers Acts and Actions of denying employees to finish their complaints. Most employees as well as myself that I have represented or talked with will agree that the EEO Persons usually "Kill" their valid complaints upon arrival. Therefore I have come to the conclusion that Postal Workers Paid By The U. S. Postal Service to handle Co-Workers EEO Complaints seeking possible $300,000. in compensation or damages is geared most times to favor The U. S. Postal Service, etc..Most employees, I have talked with will agree.

4. Further, the declaration by Ms. Middleton, does not reference as to whether she searched for anything pertaining to "Travel Time", as this is what this case is all about, not travel or Travel Mileage. Therefore, thePlaintiff prays that this Honorable Court And Most Honorable Judge Paul L. Friedman, will deny the Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgement.

I affirm under the penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Respectfully Submitted,    4-3-08

*[signature]*

James H. Pickett, Jr. - Pro Se
(Please Note New Phone Number)
(301) 351-9232

5302 Broadwater Court

Temple Hills, Maryland  20748

CERTIFICATE OF SERVICE

I hereby certify that on this <u>3rd</u> day Of April, I mailed postage prepaid to the following persons a copy of this "Plaintiff's Response To Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgement:

Mercedeh Momeni

Assistant United States Attorney

555 Fourth Street, N. W.

Washington, D. C. 20530

Jeffrey A. Taylor

United States Attorney

555 Fourth Street, N. W.

Washington, D. C. 20530

Rudolph Contreras

Assistant United States Attorney

555 Fourth Street, N. W.

Waschington, D. C. 20530

Willaim B. Neel, Esq.

United States Postal Service

Capital Metro Law Office

Landover, Maryland 20783-2244

Respectfully Submitted, 4-3-08

James H. Pickett, Jr.-Pro Se
5302 Broadwater Court
Temple Hills, Maryland 20748
(301) 351-9232

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. PICKETT,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOHN E. POTTER, Postmaster General<br>United States Postal Service,<br><br>　　　　　　Defendant. | Civil Action No. 07-2248 (PLF)<br>ECF |

DECLARATION OF LENA V. HUNTER

I, Lena V. Hunter, hereby declare as follows:

I was employed by the U. S. Postal Service From 1966, until I retired in 2004. I was an American Postal Workers Union steward off and on for about 26 years.

I was a Union Steward in 2001 when the Curseen and Morris Mail facility located at 900 Brentwood Road, N. E. , Washington, D. C. 20066.

On or about January 19, 2002, I filed an American Postal Workers Union Grievance for all the impacted employee, including, James H. Pickett, Jr., pertaining to commuting or travel time to the Mail Facility located in Gaithersburg, Maryland on Shady Grove Road. I also handled a grievance filed by James H. Pickett, Jr., for travel time around that same January 19, 2002 date. The grievances were filed after the Chartered buses were dicontinued on Martin Luther King Holiday 2002. I can't say for sure as to exactly what became of those at least two grievances. In accordance to the U. S. Postal Services EEO Policy, the employees should have been covered the same as the Tenton and other New Jersey Postal Workers were compensated. (Please see attatched copy of three page email showing same.)

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this **3rd** day of April, 2008

*Lena V Hunter*
Lena V. Hunter, Retired U. S. Postal Service Employee And Former American Postal Workers Union Chief Steward-Curseen And Morris P & DC

(202) 882-1990

5105 14th Street, N. W.

Washington, D. C. 20011

From:
Bill Lewis
President
Local 1020

An agreement has been reached in the Anthrax Travel Grievance. On Wednesday, November 22, 2006 the parties finalized an agreement. This agreement is only for the employees of the Trenton P&DC who were displaced when the Trenton P&DC was closed due to Anthrax. This settlement is compensation for time traveled to temporary duty assignments outside the local commuting area.

The agreement provides for the members of the Trenton Local to be compensated 5.300,000.00 dollars. Payment will be in the December 15, 2006 paycheck.

Happy Holidays from the Trenton Local.

Before I get into specifics of the settlement I have a large list of Thank You's. First, I would like to thank the membership of TMAL, the local executive board and stewards for being so supportive of me during the last 5 years, my very good friend, NBA Jeff Kehlert who deserves so much praise and gratitude from our local.

We must thank our legal team, Melinda Holmes, Esquire- APWU National Attorney and Mark Belland, Esquire our Local Attorney. Mark was the driving force behind us securing a final agreement in this matter.

I would like to thank the National President's Conference for allowing us to present our story and the support generated from the presidents was invaluable. I must not forget the Postal news sites, Postal Employees Network, Postal Reporter, Postal Mag and 21 century postal workers. These sites helped keep our mission alive and allowed the whole postal community to see what was happening in Trenton.

There were many lawsuits and grievances filed. All grievances and court actions are resolved by this global settlement. The following should help clarify the settlement and the allocations of the settlement funds.

Employees of the Trenton P & DC reassigned to the following work locations:

Edison Toms River

South River Lakewood

New Brunswick Monmouth

shall be compensated for travel time spent to those locations.

EDISON/SOUTH RIVER/MONMOUTH/NEW BRUNSWICK/TOMS RIVER:

Payment for time spent traveling for the period shall be in excess of twenty (20) calendar days. Compensation shall be determined as follows:

Payment shall be based upon a prorated number of days worked (and traveling) calculated in ten (10) day increments.

The following are examples:

John Doe worked 215 days,

he falls in the 211-220 bracket and he shall receive $ 8,775.00

Mary Doe worked 241 days,

She falls in the 241-250 bracket and shall receive $ 10,125.00

This period encompasses a total of 27 pay periods from PP 23/2001 through PP 23/2002.

EDISON:

This portion of the settlement is for employees assigned to the Kilmer P&DC after the opening of the interim Trenton Facility / Monroe IMF. This period encompasses a total of 61 pay periods from PP 25/2002 through PP 6/2005.

$100.00 per each week in a pay status.

LAKEWOOD:

This portion of the settlement is for employees assigned to the Lakewood and or Kilmer VMF when the Trenton VMF was closed for the decontamination of the Trenton P&DC.

Payment shall be based upon a prorated number of days worked (and traveling) calculated in ten (10)-day increments for pay periods PP 10/2003 through PP 10/2004. This period encompasses a total of 26 pay periods.

For the period of PP 11/2004 through PP 24/2004 employees shall be compensated at $100.00 per each week in a pay status.

MONROE:

Employees of the Trenton P&DC reassigned to the Monroe work location – on the rolls of the Trenton P&DC as of October 18, 2001- shall each be paid an equal lump sum payment of fifteen hundred dollars $1,500.00.

The parties began negotiations back in July 2006 and had many discussions and arguments. During this period I uncovered 60 members missing from the list of employees the USPS presented, missing were CFS, BMEU, Office personnel and customer service employees assigned to the P&DC. How I found these missing members was to cross check the dues check off. I have convinced the USPS that some employees may still be missing and they have agreed to compensate the employee in the same

method as the other members. This said employee bears the responsibility to produce the evidence that they traveled to the above referenced locations.

I never forgot our former members or members who are now deceased. Checks are being issued to these individuals or their families. Checks will be sent to their last known address. If you are getting email, please reach out to me and advise me of any changes. If you do not get the check please advise me ASAP. You only have 4 months to make a claim for your portion. I will personally follow up with deceased member's families.

The full text of the settlement is on the Local's Web Page

Please make a generous donation to COPA, make your local #1.

Happy Holidays,

Bill Lewis
President