UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. PICKETT, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JOHN E. POTTER, Postmaster General )<br>United States Postal Service, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 07-2248 (PLF)<br>ECF |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

INTRODUCTION

Defendant, United States Postal Service ("USPS"), by its undersigned attorneys, hereby respectfully submits this Reply in Support of its Motion to Dismiss or in the Alternative for Summary Judgment. Plaintiff has not exhausted administrative remedies on the subject of his Complaint and now, after having had an opportunity to respond to Defendant's opening brief, it has become clear that this fact is undisputed. Despite offering the Court an affidavit from his union's former chief steward, about an irrelevant initial grievance proceeding, no issue of material fact exists, entitling Defendant to judgment as a matter of law.

Plaintiff brought the instant Complaint alleging that he and other United States Postal Service employees of the Curseen-Morris mail processing and distribution facility ("the Facility"), were discriminated against when the Facility was closed for anthrax decontamination, in or about October 2001. Compl., pp. 1-2. Specifically, he claims that he and other employees, who relocated to other area facilities during the clean up process, should have been compensated for travel time to their temporary job venues, like employees in the postal facility in Trenton, New Jersey, and they were not. *Id.*, p. 2. The foregoing, according to Plaintiff, constitutes a violation

of the " CIVIL RIGHTS ACT OF 1991"[1] (*id.*) although he makes no mention of which protected class has been discriminated against, as a result of Defendant's alleged acts or omissions, rendering his Complaint disimissable.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

What is clear now is that Plaintiff concedes that he has not exhausted his administrative remedies, as required in Title VII cases brought before federal courts, and his claim is time barred.  Accordingly, his Complaint should be dismissed with prejudice, or alternatively judgment should be entered in Defendant's favor, as a matter of law.

ARGUMENT

**I.  Plaintiff Concedes Failing to File the Requisite Internal EEO Complaint.**

Prior to seeking relief in federal court under Title VII, a Federal employee must timely exhaust all available administrative remedies.  *See* 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407; *Kizas v. Webster*, 707 F.2d 524, 544 & n.99 (D.C. Cir. 1983).  These procedural requirements governing a plaintiff's right to bring a Title VII claim in court are not unimportant. "It is part and parcel of the Congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining non-discrimination in employment." *Kizas*, 707 F.2d at 544.  "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary."  *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).

---

[1]  Defendant reads *Pro Se* Plaintiff's employment discrimination Complaint to be based on Title VII of the 1964 Civil Rights Act, as amended in 1991.

Plaintiff offers no substantive rebuttal to Ms. Middleton's Declaration, attached as Exhibit A to the opening brief, which showed that Plaintiff had not filed an EEO complaint that related to travel to alternate facilities during the renovation of the Curseen-Morris facility. *See generally* Plaintiff's Response to Defendant's Motion ("Response"), USDC Pacer Doc. No. 9.[2] While Plaintiff does state that Ms. Middleton's declaration "does not reference as to [sic] whether she searched for anything pertaining to 'Travel Time', as this is what this case is all about, not travel or Travel Mileage", (*id*., p. 2), Ms. Middleton's broad search of the iComplaints data base using the word "travel" would have revealed complaints relating, in any way, to travel time or mileage.

Additionally, Plaintiff contends ". . . the U.S. Postal Service's EEO Complaint Processing fails many employees by denying them due process throughout their attempted EEO filings." *Id*., p. 2. He also alleges that "EEO Persons [sic] usually 'kill' [employees'] valid complaints upon arrival." *Id*. Insofar as Plaintiff may be implying that he did not file an internal complaint because he believed such an action could be futile, such an argument cannot stand. First, even if, assuming for argument's sake only, that the internal process does "fail[] many employees", without having filed a complaint, Plaintiff will never know whether his claim may have been one of the complaints accepted for investigation and further action. Second, had some discriminatory conduct actually taken place, the USPS has been denied an opportunity to investigate and rectify the situation, internally. *Brown* 777 F.2d at 14.

More importantly, the general rule in the D.C. Circuit is that "the exhaustion requirement may be waived only in the most exceptional circumstances." *Communications*

---

[2] For ease of reference, Defendant will refer to the Court's designated page numbers, provided on the upper right hand corner of Doc. No. 9, because no page numbers are provided by the filer.

3

*Workers of Am. v. AT&T*, 40 F.3d 426, 432 (D.C. Cir. 1994) (action under ERISA) (internal citations and quotations omitted).  In *Communications Workers of Am.*, the Court held that "the futility exception is quite restricted, and has been applied only when resort to administrative remedies is *clearly useless*."  *Id*.  (*Citing Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)) (emphasis supplied).  In order to prove that he is entitled to the application of the futility exception, a plaintiff must show that he is *certain* that his claim will be denied, not merely that he doubts an appeal will result in a different decision.  *Smith v. Blue Cross & Blue Shield United*, 959 F.2d 655, 659 (7th Cir. 1992).[3]

Here, Plaintiff states that "*many* employees'" EEO complaints have not received "due process" and that "EEO Persons *usually* 'kill' . . . complaints."  Response at 2 (emphasis added).  Therefore, Plaintiff concedes that some employees' complaints have been properly processed and his claim too may have been accepted for investigated and, in the event of any actual wrong doing, any remedy requested may have been considered.  Accordingly, any claim of futility must fail and his Complaint should be dismissed.

## II.  **Plaintiff's Claims of Having Filed a Union Grievance are Irrelevant.**

Plaintiff requests that the Court find the USPS violated Title VII for allegedly failing to afford him and his co-workers equal "Opportunity [sic] and or pay as was done for the United States Postal Service's Trenton, New Jersey Employees [sic]".  The New Jersey travel-time compensation settlement agreement was made between the American Postal Workers Union and

---

[3] *See also Leorna v. United States Dept. of State* 105 F.3d 548, (9th Cir. 1997).  In that case, plaintiff's claim that it would have been futile to "continue" to pursue EEO complaint was declared meritless because plaintiff did not initiate the EEO process until after that process was time-barred.  The court noted that plaintiff presented no evidence that had she complied with the time limits and procedures, the EEO process would have been futile.

the USPS, based on factual circumstances specific to the Trenton-based employees, and based on a collective bargaining agreement. *See* Local 1020 President's message regarding an "agreement [] only for the employees of the Trenton P&DC who were displaced . . ." Exhibit attached to Compl., p. 4.

In an ostensible effort to prove that he exhausted his administrative remedies, Plaintiff claims to have initiated a union grievance pertaining to "'Travel Time' compensation". Response at 1. First, it is of no moment whether he filed a grievance with the union for the purposes of the instant matter, because any employment discrimination claim would have still have to have been ultimately brought before the Equal Employment Opportunity Commission,[4] and Plaintiff offers no proof of any involvement by that agency. Second, he fails to state the basis for the alleged grievance (no mention of whether discrimination was actually alleged or which protected class may have suffered as a result of any purported discrimination), to which level the grievance taken,[5] and what was the outcome of the grievance may have been. *Id*. The Plaintiff only offers Ms. Hunter's affidavit to support his claim, which also lacks any of the foregoing specifics. *Id*., pp. 5-6.

---

[4] The Postal Service grievance process does not derive from 5 U.S.C. §7121 (outlining in general grievance procedures against prohibited personnel practices in federal employment), and the Defendant's Collective Bargaining Agreements contain no provisions for bringing discrimination actions, without the inclusion of a contracted-related issue, through the grievance process. *See* A GUIDE TO FEDERAL SECTOR EQUAL EMPLOYMENT OPPORTUNITY PRACTICE, Ernest Hadley, p. 1301, (17th ed. 2004). *See also*, *Brown v . Gen. Serv. Admin.*, 425 U.S. 820 (1973) (Title VII is the exclusive remedy for a plaintiff alleging discrimination in federal employment.)

[5] Generally, there are several steps through which the employee and later the union must take to formally engage management, only the first step of which may have been done here, although it should be noted that the Defendant's grievance tracking data base, GATS, indicates that Plaintiff filed no grievances in 2002, which may have been elevated to the second level. *See* Exh. B, attached (names of other employees redacted pursuant to the Privacy Act).

The Supreme Court has held that an employee may not usurp the union's prerogative to be the exclusive bargaining agent for the purposes of the grievance procedure in a collective bargaining agreement-related issue. *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 549 (1964); *Clayton v. International Union Automobile Aerospace & Agricultural Implement Workers*, 451 U.S. 679, 686-687 (1978). Indeed, an employee may not second guess the union's position if it decides not to pursue an action, barring a claim by the union to properly represent the employee's interest. The Union in Washington, D.C. did not bring a grievance on the issue and, due to the passage of time, any consequence thereof is now binding on both union and employee. Accordingly, plaintiff's claims of having filed a grievance with his union steward should be disregarded as irrelevant.

**CONCLUSION**

WHEREFORE, the United States Postal Service requests that this Motion be granted and Plaintiff's Complaint be dismissed with prejudice, or, in the alternative, summary judgment be entered in Defendant's favor.

Dated April 18, 2008.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4851

*Of Counsel:*
William B. Neel, Esq.
United States Postal Service
Capital Metro Law Office
Landover, Maryland 20785-2244

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2008, I caused the foregoing *Reply in Support of Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment,* to be served on James H. Pickett, Jr. by U.S.P.O., First Class mail at: 5302 Broadwater Court, Temple Hills, Maryland 20748.

　　　　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　　MERCEDEH MOMENI
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　555 4th Street, NW
　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　(202) 305-4851

# USPS GATS · Grievance/Appeal · -Grievance Sub Menu- · -My GATS

## Grievance Search                                                  HELP

Griev No: [ Submit ]

**Search for Grievance Number**

| Area: K | PC: 200 | District ID: | Union Case ID: | Craft: |
| Union: | Disc Type: | TSO ID: | Last Name: Pickett | Fin No: |

[ Find ]

Search for Grievance Number Results (Select a record by clicking on the Radio Button):
Found: 60   Displaying: **11-20**

| GRIEV NO | LAST NAME | FIRST NAME | FIN NO | INC DATE | UNION CASE ID |
|---|---|---|---|---|---|
| 06018376 | | | 104966 | 11/14/2005 | DRP142DC9355 |
| 06018333 | PICKETT JR | JAMES | 105001 | 11/21/2005 | SAW7905 |
| 04045287 | | | 105000 | 12/17/2003 | DRP142DC7083 |
| 04043780 | P | | 105000 | 11/28/2003 | DRP142DC6743 |
| 04019809 | | | 105000 | 10/11/2003 | DRP142DC5983 |
| 03178288 | PICKETT JR | JAMES | 105001 | 07/03/2003 | WADCRS02 |
| 00252658 | | | 105000 | 08/30/2000 | 142DC3570 |
| 99289368 | PICKETT | JAMES | 105001 | 09/02/1999 | GT9399 |
| 00012023 | PICKETT | JAMES | 105001 | 10/08/1999 | GT9199 |
| 00003514 | PICKETT | JAMES | 105001 | 09/18/1999 | GT8299 |

[ Previous 10 ]  [ Next 10 ]



GOVERNMENT EXHIBIT B