UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                                 |   |                                  |
|-------------------------------------------------|---|----------------------------------|
| JAMES H. PICKETT, JR.,                          | ) |                                  |
|                                                 | ) |                                  |
| Plaintiff,                                      | ) |                                  |
|                                                 | ) |                                  |
| v.                                              | ) | Civil Action No. 07-2248 (PLF)   |
|                                                 | ) |                                  |
| JOHN E. POTTER, Postmaster General,             | ) |                                  |
| United States Postal Service,                   | ) |                                  |
|                                                 | ) |                                  |
| Defendant.                                      | ) |                                  |

<u>MEMORANDUM OPINION</u>

This matter is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment under Rule 56 ("Mot."), plaintiff's opposition ("Opp."), and defendant's reply ("Rep."). For the reasons stated below, the Court will grant summary judgment for the defendant.

I. BACKGROUND

On December 14, 2007, pro se plaintiff James H. Pickett Jr. filed this Title VII discrimination suit against his employer, the United States Postal Service. He alleges that he and other employees of the Curseen-Morris mail processing and distribution facility, located in Washington D.C., were discriminated against when the facility was closed for anthrax decontamination around October 2001. See Compl. at 1. Specifically, Pickett claims that he and

other employees who had been relocated to other facilities during the cleanup should have been compensated for the additional travel time to their temporary work locations as he alleges employees in the Trenton, New Jersey facility were. See id. at 2.

The defendant, on March 17, 2008, moved to dismiss this suit pursuant to Rule 12(b)(6) of the Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56. See Mot. at 1. Defendant claims that plaintiff never filed a complaint with the EEOC and therefore did not exhaust his administrative remedies as required. See id. at 6.

## II. STANDARD OF REVIEW

The Court must first address how to treat defendant's motion. It would be inappropriate to dismiss this case under Rule 12(b)(6) because both parties rely on materials outside the pleadings, and when "matters outside the pleadings are presented to and not excluded by the court [on a motion to dismiss pursuant to Rule 12(b)(6) ], the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). As both parties have had an adequate opportunity to present all materials pertinent to summary judgment, see id., the Court will consider those "matters outside the pleadings" on which the parties rely and treat defendant's motion as a motion for summary judgment under Rule 56.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it

might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hosp. Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). He is required to provide evidence that would permit a reasonable jury to find in his favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 127 S.Ct. 1769, 1776 (2007) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is

'no genuine issue for trial.'") (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support [his] claims." Freedman v. MCI Telecomm. Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

While pro se complaints are held to a less stringent standard than complaints drafted by attorneys, see Gray v. Poole, 375 F.3d 1113, 1116 (D.C. Cir. 2002); Amiri v. Hilton Washington Hotel, 360 F.Supp.2d 38, 41-42 (D.D.C. 2003), a pro se plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.' " Caldwell v. District of Columbia, 901 F.Supp.7, 10 (D.D.C.1995) (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "'A pro se complaint, like any other, must state a claim upon which relief can be granted by the court.'" Id. (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

## III.  DISCUSSION

Federal employees must exhaust their administrative remedies before filing suit under Title VII. See 42 U.S.C. § 2000e-16(c); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Walker v. Paulson, Civil Action No. 06-1115, 2007 WL 1655879, at *2 (D.D.C. June 7, 2008). Employees who allege discrimination must consult with an agency EEO counselor before filing a written complaint with the agency accused of discriminatory practices. See 29 C.F.R. § 1614.105(a); 29 C.F.R. § 1614.106(a)-(c). A complainant "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). The agency must then investigate the matter, after which the

complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge.  See 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f).  A complainant may file a civil action after receiving a final decision from the agency or after a complaint has been pending before the EEOC for at least 180 days.  See 42 U.S.C. § 2000e- 29 C.F.R. § 1614.407.  "Complainants must timely exhaust these administrative remedies before bringing their claims to court."  Bowden v. United States, 106 F.3d at 437; see Price v. Greenspan, 374 F.Supp.2d 177, 184 (D.D.C. 2005) ("federal employees may only bring Title VII lawsuits in federal district court if they have exhausted remedies available through administrative processes."); Baker v. Library of Cong., 260 F.Supp.2d 59, 65 (D.D.C. 2003) ("Title VII confers the right to file a civil action in federal court only when a party has been 'aggrieved by the final disposition of his [administrative] complaint, or by the failure to take final action on his complaint.' ") (quoting 42 U.S.C. § 2000e-16(c)).  When a plaintiff has failed to exhaust administrative remedies, his suit will be dismissed for failure to state a claim.  See Mills v. Winter, 540 F. Supp. 2d 178 (D.D.C. 2008); Coghlan v. Peters, Civil Action No. 05-1474, 2008 WL 2191212, at *2 (D.D.C. May 18, 2008).

        Defendant bases its motion to dismiss on plaintiff's alleged failure to initiate contact with a counselor.  Plaintiff responds that he had filed a union grievance with Lena V. Hunter, the Chief Shop Steward and therefore there is "no reason for the plaintiff to have filed any EEO complaint. . ." Opp. at 1.  Plaintiff also suggests that the database search for any such complaint done by Ms. Middleton, the Acting EEO Manager, was inadequate because defendant did not state that the specific term "Travel Time" was used in the search.  See Rep. at 2.

        The union grievance is irrelevant because the administrative procedures set forth

in the regulations specify contact with an agency EEO counselor.  <u>See</u> 29 C.F.R. § 1614.105(a). The purpose of the procedures is to promote responsibility within the agencies for maintaining nondiscrimination.  <u>Kizas v. Webster</u>, 707 F.2d 524, 544 (D.C. Cir. 1983).  Plaintiff does not assert any contact with the EEOC.  Rather, he admits to not following procedure by arguing that such a complaint would have been useless because of the alleged failures of the Complaint Processing Program itself.  <u>See</u> Opp. at 2.  Moreover, plaintiff does not even allege that a proper complaint was filed with the EEO counselor; therefore, his allegation that the search for such a complaint was inadequate is not persuasive.  Even taking all of plaintiff's allegations to be true, it is clear that the administrative procedures were not followed.

Since the necessary administrative remedies were not exhausted, the only way for plaintiff to maintain his suit would be to argue for equitable tolling.  The Court's power to equitably toll these filing periods may be exercised "only in extraordinary and carefully circumscribed instances."  <u>Mondy v. Sec'y of the Army</u>, 845 F.2d 1051, 1057 (D.C. Cir. 1988); <u>see</u> <u>Smith-Haynie v. District of Columbia</u>, 155 F.3d 575, 580 (D.C. Cir. 1998); <u>Hunter v. Rice</u>, 531 F.Supp.2d 185, 191 (D.D.C. 2008).  In order to gain the benefit of equitable tolling, the plaintiff "bears the burden of pleading and proving facts supporting equitable avoidance of the defense."  <u>Bowden v. United States</u>, 106 F.3d at 437 (citing <u>Bayer v. United States Dep't of the Treasury</u>, 956 F.2d 330, 333 (D.C. Cir. 1992) and <u>Jarrell v. United States Postal Service</u>, 753 F.2d 1088, 1091-92 (D.C. Cir. 1985)).

Plaintiff fails to allege any facts that would suggest any extraordinary circumstances justifying tolling but merely states that the complaint process fails because of a "conflict of interest."  Opp. at 2.  Not only does such a statement not meet the burden of proof

required to support equitable tolling, it also implies that plaintiff was fully aware of the complaint procedures and intentionally chose not to follow them.  Equitable tolling would not be appropriate here.

Accordingly, the Court will grant defendant's motion for summary judgment.  An Order consistent with this Memorandum Opinion will be issued this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 31, 2008